**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

United States of America,

Plaintiff,

v.

Manuel Fana,

Defendant.

No. CR-24-00863-001-PHX-KML

**ORDER**

Criminal defendant Manuel Fana is charged with four counts related to his alleged distribution of fentanyl. (Doc. 53.) Fana has moved to dismiss the superseding indictment, arguing based on *Abouammo v. United States*, 608 U.S. 597 (2026), that the case should have been charged in New York City where the drugs originated and his alleged participation in the crime was completed. (Doc. 116.) His motion is denied.

**I. The Superseding Indictment**

The superseding indictment alleges four counts against Fana: a single count of conspiracy to distribute fentanyl and three counts of distribution of fentanyl (each based on a different date range). (Doc. 53 at 2–3.) Each count alleges the crime occurred "in the District of Arizona and Southern District of New York." (Doc. 53 at 2–3.) The government explains that after orders for fentanyl were placed with @Allpowders—a Telegram account allegedly associated with Fana, who was living in the Bronx—they were shipped via U.S. Mail to an Arizona P.O. Box where agents intercepted them. (Doc. 121 at 2.)

**II. Venue for 21 U.S.C. §§ 846 and 841(a)(1)**

An offense "begun in one district and completed in another, or committed in more than one district," may generally be prosecuted in "any district in which such offense was begun, continued, or completed." 18 U.S.C. § 3237(a). More specifically, an offense involving the use of the mails "is a continuing offense" that may be prosecuted "in any district from, through, or into which" the mail matter moves. *Id.*

Fana is charged with drug distribution and conspiracy under 21 U.S.C. §§ 846 and 841. The Ninth Circuit has held each of these drug crimes is a continuing offense that may be prosecuted where the crime began, continued, or was completed. *See United States v. Gonzalez*, 683 F.3d 1221, 1225 (9th Cir. 2012) (drug conspiracy may be prosecuted in any district where an overt act was committed in furtherance of the crime); *United States v. Valdez-Santos*, 457 F.3d 1044, 1047 (9th Cir. 2006) (venue for distribution proper in district where chemicals were seized). In these cases, venue is proper in the district where drugs are seized even if a defendant never set foot there and even when an undercover agent is the reason the drugs were shipped there. *Gonzalez*, 683 F.3d at 1225; *Valdez-Santos*, 457 F.3d at 1047. Here, the government alleges Fana shipped fentanyl to Arizona, where it was seized. Venue therefore properly lies in the District of Arizona.

The Supreme Court's decision in *Abouammo*, the basis for Fana's motion, does not call Ninth Circuit authority into question. *Abouammo* concerned the proper venue for the crime of falsification of a document with the intent to obstruct a federal investigation. 608 U.S. at 599. It made clear that venue holdings are usually "based on the nature of the specific crime charged," which resulted in "discrete and narrow" reasoning confined to 18 U.S.C. § 1519 there. *Id.* at 607 (simplified). This express limitation forecloses an argument that *Abouammo* "undercut the theory or reasoning underlying" the Ninth Circuit's drug-crime venue precedents so as to hold them "clearly irreconcilable" with intervening Supreme Court authority and therefore implicitly overruled. *See Close v. Sotheby's, Inc.*, 894 F.3d 1061, 1073–74 (9th Cir. 2018) (simplified) (applying *Miller v. Gammie*, 335 F.3d 889 (9th Cir. 2003) (en banc)). Because Ninth Circuit precedent continues to bind this

court, the motion to dismiss is denied.

Accordingly,

**IT IS ORDERED** denying Fana's Motion to Dismiss Indictment re: Improper Venue (Doc. 116).

Dated this 20th day of November, 2026.

**Honorable Krissa M. Lanham**
**United States District Judge**